ZAINEY, J.
JANUARY 4, 2006

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DAVID L. WEIR                                        CIVIL ACTION


VERSUS                                               NO. 05-4136


JOSEPH WAITZ, JR., ET AL.                            SECTION "A"(2)
```

## ORDER AND REASONS

Before the Court are a **Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 8)** filed by defendants Terrebonne Parish Consolidated Government and Patrick Boudreaux, Chief of Police for the City of Houma, and a **Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 9)** filed by defendant Joseph L. Waitz, Jr., District Attorney for the Parish of Terrebonne.  Plaintiff, David L. Weir, opposes the motions.  The motions, set for hearing on November 2, 2005, are before the Court on the briefs without oral argument.  For the reasons that follow, the motions are GRANTED.

**I.      BACKGROUND**

David L. Weir, M.D. ("Weir") filed this suit under 42 U.S.C. § 1983 against Joseph Waitz, Jr., the Terrebonne Parish District Attorney, in his individual and official capacities ("Waitz"), Patrick Boudreaux, the Chief of the Houma Police Department, in his individual and official capacities ("Chief Boudreaux"), the Terrebonne Parish Consolidated Government ("TPCG"), which is the legislative body governing the City of Houma and the Parish of Terrebonne, and Joan Walker ("Walker"), who at all pertinent times was Weir's wife.  Weir alleges that Walker engaged in a lengthy course of marital infidelity during the course of their marriage including an adulterous affair with defendant Waitz. (Comp. ¶ 7-8).  Weir contends that he attempted to preserve his marriage but that Waitz continued to see Walker.  (Id. ¶ 9). Weir claims that an unnamed third-party told him that Waitz had threatened to involve law enforcement to investigate him, to have him arrested, to ruin his business, and "to run [him] out of Terrebonne Parish" if Waitz were named in the Weirs' civil divorce suit.  (Id. ¶ 10).  Weir claims that he was continually subjected to defamatory per se communications inspired and promoted by Walker and members of her family, one of whom Weir has sued in state court for defamation.  (Comp. ¶ 13).  Weir claims that Waitz contributed to the defamation per se by providing false information regarding prior spousal abuse,

2

initiating untimely and groundless allegations of spousal abuse against Walker, and promoting an investigation by NOPD of an alleged battery against Walker in Orleans Parish.  (Id. ¶ 14). Weir alleges that on two separate occasions NOPD officers traveled to Houma, Louisiana, to investigate the alleged battery in Orleans Parish.  (Id. ¶ 15).

Weir alleges numerous events and happenings in conjunction with his divorce proceeding.  For instance, Weir claims that Chief Boudreaux sent a Houma Police Department officer to Weir's home in order to facilitate the removal of certain property by Walker but that the Weir home is outside the jurisdiction of the Houma Police Department.  (Id. ¶ 17).  Weir claims that the judge presiding over Weir's domestic case received a defamatory written communication alleging illicit sexual activity between Weir and the judge's daughter.  (Id. ¶ 18).  The note is unsigned but Weir claims that it was orchestrated by Walker.

Weir alleges that Walker continued to threaten him and threatened to make him pay a large settlement to her in the divorce proceedings.  (Id. ¶ 20).  He claims that Waitz provided assistance to Walker in her efforts to nullify the Weir pre-nuptial agreement.  (Id. ¶ 20).

On August 17, 2004, Weir alleges that Walker returned their minor child to him in poor condition.  A verbal altercation ensued which Weir claims was non-violent in nature.  (Comp. ¶

3

22).  Nevertheless, Walker threatened to have Weir arrested and called Chief Boudreaux.  Multiple Houma Police Department units were dispatched to the Weir home which is outside of their jurisdiction.  (Id. ¶ 22).  The officers did not enter the home, did not say anything, and subsequently left.  Weir claims that Walker then took the child to the circus with Chief Boudreaux.  (Id. ¶ 23).  Thereafter, Chief Boudreaux referred Walker to the Terrebonne Parish Sheriff's Office to file a criminal complaint against Weir based on a prior incident.  Weir claims that Walker's rendition of events was "at odds" with a prior complaint that she had made regarding the same incident.  (Id. ¶ 24).

Walker subsequently filed a domestic battery complaint against Weir regarding the aforementioned prior incident and the altercation of August 17, 2004.  Weir contends that the complaint was unsubstantiated yet the Sheriff's Office obtained a warrant for Weir's arrest.  Weir was arrested and his arrest was reported in the local newspaper which caused him tremendous embarrassment and anxiety, and subjected him to public ridicule in the community.  (Id. ¶ 28).  Weir claims that no one from the Attorney General's office appeared at his arraignment on the domestic battery charges.[1]  Weir claims that his arraignment was reset at the request of the Attorney General's Office when the

---

[1] The district attorney's office had recused itself from the matter.

4

litigation pertaining to the civil property suit became more active.  (Comp. ¶ 32).  Weir asserts that it appears more than coincidental that his arraignment was suddenly reset when discovery proceedings involving Waitz were imminent.  (Id. ¶ 34).

In this lawsuit Weir claims that Waitz and Chief Boudreaux are liable for multiple violations of his constitutionally protected rights including his rights under the Fourth and Fourteenth Amendments.  Weir claims that the TPCG is liable because it took no protective measures to prevent violations of Weir's rights and that TPCG has a custom or policy of inadequately hiring, training, and supervising its employees, in particular Chief Boudreaux.  Finally, Weir claims that Walker conspired with Waitz, Boudreaux, and other local law enforcement officials to violate his civil rights.

**II.   DISCUSSION**

*A.   The Parties' Arguments*

Waitz moves for dismissal arguing that he is absolutely immune from suit given his position as the district attorney.  Alternatively, he argues that he is entitled to qualified immunity.  Waitz points out that the complaint states no action by Waitz that goes beyond his duties as district attorney.  Moreover, Waitz points out that it was not his office that arrested Weir or filed criminal charges against him.  Additionally, he argues that Weir fails to state a claim under 42

U.S.C. § 1983 and Heck v. Humphrey, 512 U.S. 477 (1994), because there has been no conviction in the criminal domestic battery proceeding much less a reversal of any such conviction in Weir's favor.  Finally, Waitz argues that Weir does not state a claim under the Due Process Clause of the Fourteenth Amendment.

Chief Boudreaux argues that the allegations against him are conclusory and wholly unsupported by any pleaded facts.  He argues that Weir cannot state a claim against him for malicious prosecution because Chief Boudreaux is without the capacity to prosecute.  Further, Chief Boudreaux asserts that he is entitled to qualified immunity and that Weir fails to state a claim under 42 U.S.C. § 1983 and Heck, supra, because there has been no reversal of a conviction in the criminal proceeding.

TPCG argues that it cannot be held liable under § 1983 based on a theory of respondeat superior.  TPCG also argues that Weir has not alleged any specific policies that were the proximate cause of his alleged damages.

In opposition Weir argues that Waitz is not entitled to either absolute or qualified immunity and that the actions taken by Waitz and his co-conspirators resulted in Weir being arrested on fabricated charges.  Weir argues that Chief Boudreaux went beyond his jurisdiction to initiate investigations against Weir all in an effort to conspire with the other defendants to harass

6

and humiliate Weir.  Weir contends that Chief Boudreaux is not entitled to either absolute or qualified immunity.

### B.   Law and Analysis

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim.  Fontana v. Barham, 707 F.2d 221, 225 (5th Cir. 1983) (quoting Sims v. Adams, 537 F.2d 829, 831 (5th Cir. 1976)).  Accordingly, the court's task is to determine whether the plaintiff's allegations, if proven true, are sufficient to support a cause of action under § 1983.  Id. In order to state a cause of action under § 1983, a plaintiff's complaint must allege a deprivation of a right "secured by the Constitution and laws of the United States" resulting from conduct committed by a person acting under color of state law. Id. (quoting Parratt v. Taylor, 101 S. Ct. 1908, 1912-13 (1981); Baker v. McCollan, 99 S. Ct. 2689, 2692 (1979)). Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  Id. (quoting White v. Thomas, 660 F.2d 680, 683 (5th Cir. 1981)).

Weir's fifty paragraph complaint recounts in minute detail

7

the prurient details of his domestic problems.  The events pled confirm the well-known fact that domestic litigation is often the most contentious, bitter, and downright ugly litigation known to the practice of law.  However, the allegations contained in Weir's complaint do not state a claim for the violation of a federally guaranteed right--the claim which would be the basis of this Court's original jurisdiction.  Marital infidelity, even when committed with state actors, does not comprise a constitutional tort.  Nor do allegations regarding trips to the circus and attempts to circumvent pre-nuptial agreements.

Further, the charges and arrest based on the domestic battery accusations do not provide a foundation for a claim against Defendants.  In Heck v. Humphrey, the Supreme Court held that a § 1983 plaintiff seeking to recover money damages for an injury caused by actions whose unlawfulness would render a conviction invalid must prove that the conviction has either been reversed on appeal or called into question by the issuance of a writ of habeas corpus.  512 U.S. at 486-87.  In fact, any type of malicious prosecution claim under § 1983 requires termination of the criminal proceedings in plaintiff's behalf. See Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc); Price v. City of San Antonio, No. 04-51213, 2005 WL 3277912, at *4, -- F.3d -- (5th Cir. Dec. 5, 2002).  Weir has yet to face a conviction on the domestic battery charges, and assuming that he is convicted,

he cannot pursue defendants by claiming that the conviction violated his rights, absent a termination in his favor.[2]

Further, the complaint alleges that Weir was arrested pursuant to a warrant, which presumably was issued by a neutral magistrate judge.  There is no allegation that any state actor lied in the warrant affidavit except that Weir suggests that Walker, his estranged wife, changed her story when she talked to a second deputy about the incident.  That deputy was employed by the Terrebonne Parish Sheriff's Office and not by the Houma Police Department.

In sum, the allegations contained in Weir's complaint, even if true, do not state a claim for a violation of a federally guaranteed right.  All of Weir's claims must be pursued under state law.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 8)** filed by defendants Terrebonne Parish Consolidated Government and Patrick Boudreaux, Chief of Police for the City of Houma should be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Failure**

---

[2] Moreover, in Castellano, supra, the Fifth Circuit sitting en banc recognized that there is no freestanding constitutional right to be free from malicious prosecution, a claim typically cognizable under state tort law.  352 F.3d at 945.

**to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 9)** filed by defendant Joseph L. Waitz, Jr., District Attorney for the Parish of Terrebonne should be and is hereby **GRANTED**. Plaintiff's complaint is **DISMISSED**.  Plaintiff's federal claims are dismissed with prejudice and his state law claims are dismissed without prejudice.

* * * * * * * *

*[Signature: Jay C. Zainey]*